Eustis, C. J. being absent the judges of the court delivered their opinions seriatim.
Preston, J.
H. B. Kelly, Esq. allleges that he has been appointed a notary public of the city of New Orleans in the place of James P. Gilly, whose term of office has expired, and prays a writ of mandamus to compel the latter to deliver to him the records of his office. Gilly alleges that his term of office has not expired.
He shows a commission from the governor to fill the vacancy which occurred during the recess of the Senate by the resignation of S. W. Waters, dated the 4th of December, 1846. He was nominated by the governor and, with the advice ' and consent of the Senate, appointed at the ensuing session of the General Assembly, as appears by a commission issued to him, dated the 3d of May, 1847. This is the usual and legal mode of filling vacancies in office, and completing the appointments adopted by our executive and Senate. We consider, therefore, that the appointment of Gilly took place on the 4th December, 1846, that the oath taken by him at that time was his oath of office, and that his nomination to the Senate and confirmation, was the constitutional mode of completing the appointment.
The governor was authorized, by the act of 1813, to appoint as many notaries as he deemed necessaiy. The office was held during good behavior, there being no term limited by the law. The Constitution limited the duration of the office to four years. Every person appointed a notaiy is, therefore, entitled to hold the office for four years from the date of his appointment. a
The law does not require the governor to fill vacancies as to the office of notary public, but to appoint the notaries that may be necessary. It has been usual, when a notary dies or resigns, for the governor to appoint another notary, and give him charge of the vacant office in the commission, and of course of the records. This is not required by the law; but results from the duty of the *535 governor, as the supreme executive, to take care of and preserve the public property and records where the laws have not otherwise provided. The records belong, not so much by law as by usage, to the newly appointed notary, and he does not fill the unexpired term of his predecessor, but is appointed a notary under the act of 1813, and, by the Constitution, is entitled to hold the office for four years from the date of his appointment.
I am of opinion that James P. Gilly was duly appointed and qualified a notary in December, 1846, and entitled to hold the office for four years from the date of his appointment, and that his term of office, consequently, has not expired.
The judgment of the district court is therefore reversed, and the petition in this case dismissed with costs.
Rost, J.
I agree with my brethren in the judgment rendered, but I am of opinion that the defendant could take the oath at any time, under the commission issued in his favor on the 3d of May, 1847, and that as he has done so he is entitled to hold office under it for four years. It appears by the published journal of the secret sessions of the Senate, that the plaintiff was nominated and confirmed in place of the defendant, whose commission was to expire on the 3d of May, 1851. We could not act upon that fact and disregard the commission which says that the office is vacant; but I am satisfied, aliunde, that there will be no vacancy before that time.
It is therefore decreed, that the judgment of the court below be reversed, and ■ that the petition of the relator be dismissed; the costs in both courts to be paid by the relator.